46933.   KIKER v. KIKER.

HALL, Presiding Judge. Respondent in an application for appointment of a guardian appeals from the order of the superior court dismissing her appeal from the court of ordinary.

Respondent's appeal to the superior court was filed within 10 days of the ordinary's judgment. The sole issue here is whether the time for filing an appeal in this type of procedure is governed by *Code* § 6-202 or *Code Ann.* § 88-502.16. Application was made pursuant to *Code Ann.* § 49-604 (b) (appointment of a guardian without hospitalization). This section specifies that "a hearing shall be held as provided in section 88-507.3." That section sets out the hearing procedure for judicial hospitalization. Chapter 88-5 deals with hospitalization of the mentally

ill. Section 88-502.16 governs appeals from *all* proceedings under the chapter and provides for a 10-day period for filing.

The legislature amended Chapters 49-6 and 88-5 in one Act. One of the stated purposes was to conform the procedure for the appointment of guardians with that of admission of patients to treatment facilities. See Ga. L. 1969, pp. 505, 506. We believe this includes appeal procedure as well as hearing procedure. Having set up a special type of appeal for the hospitalization of the mentally ill, and having declared that procedures for the appointment of a guardian for the mentally ill or incompetent should conform to those for hospitalization, the intent seems clear to provide the same type of appeal. Chapter 49-6 repeatedly refers to the detailed provisions of Chapter 88-5. The two are meant to be read together. A Chapter 49-6 party need not search for his procedure piecemeal throughout the Code. It is all contained in Chapter 88-5. The court erred in dismissing this appeal.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED MARCH 1, 1972—DECIDED APRIL 5, 1972.

*Cecil G. Hartness,* for appellant.
*Herman J. Spence, Bobby C. Milam,* for appellee.